FARMERS' LOAN & TRUST CO. *v.* CHICAGO, P. & S. W. R. Co.[1]

*(Circuit Court, N. D. Illinois.* October 31, 1883.)

RESCISSION OF CONTRACT—RATE OF PAYMENT DURING NEGOTIATIONS.

When a railway company using the tracks of another company at an agreed rate of compensation refuses to accede to a demand of the owners for the payment of a higher rate on account of recent improvements, but while the matter is under consideration continues to use the tracks and to pay the original contract price, and·upon the final refusal of the owners of the tracks to prolong the previous arrangement abandons the use of the tracks altogether, the owners can recover for the use of their property during the interval no more than the rate paid under the original agreement.

At Law.

*Jewett, Norton & Larned,* for complainant.

*Cothran & Kretzinger,* for defendant.

DRUMMOND, J. The Chicago, Pekin & Southwestern Railroad, being in the possession of a receiver, made an arrangement with the owner of the track between Pekin and Peoria by which the business of the Chicago, Pekin & Southwestern Company was done in Peoria, and for which payment was to be made by the receiver. Changes took place in the condition of the railroad between Pekin and Peoria, and in the terminal facilities by which the business was done at the latter place, and accordingly the receiver was required to pay a sum greatly in advance of what he had previously paid. This was put by the Peoria & Pekin Union Railway Company, that had become the owner of the track and these terminal facilities, on the ground that other railways that transacted business in the same manner as the Chicago, Pekin & Southwestern Company in Peoria, by agreement with the Peoria & Pekin Union Railway Company, paid it, and it is insisted that this was a true test of what the Chicago, Pekin & Southwestern Company should pay. That would be true provided the receiver stood, as to the company which he operated, in the same position as the other companies; but that was not so, because the Peoria & Pekin Union Company was really owned by the other companies which made the agreement with it, and consequently they were, substantially, owners of the property of the Pekin & Peoria Union Railway Company. It was substantially a contract, therefore, made by one party with itself, which it was insisted should be the test of payment by the receiver. The receiver, however, after this demand was made upon him by the Peoria & Pekin Union Railway Company, did use the track between Pekin and Peoria, and obtained the terminal facilities which were there given 'to other railroads, and did pay, while the case was pending upon submission to the judge of this court, by a voluntary agreement between the parties, in the nature of an arbitration, the same price that had been previously paid. On looking into the question at the time, the judge was of the opinion that the contract which was demanded of the receiver by the Peoria & Pekin Union Company was oppressive

[1]Affirmed. See 8 Sup. Ct. Rep. 1125, *sub nom.* Peoria & P. U. Ry. Co. *v.* Chicago, P. & S. W. R. Co.

in its terms, and doubted whether the receiver could afford to pay the prices then demanded; but at the same time admitting that the Peoria & Pekin Company was the owner of the property, and that it had the right to prescribe on what terms the receiver should do his railroad business between Pekin and Peoria, and in the latter city, stated that if the receiver would not accept the terms he could not be permitted to have the use of the property of the Peoria & Pekin Union Company, and accordingly the receiver ceased to do business between Pekin and Peoria, and in the latter city, and the only question now before the court is whether during this *interim*, and from the time this claim was made on the receiver up to the time when he quit doing business with Peoria, he should pay the price demanded, according to the terms arranged by the Peoria & Pekin Union Company and the other railroads; and I do not think that, under the circumstances, is a true test, and I feel inclined to let the matter stand upon the basis which had existed before this claim was made upon the receiver, and to consider that, having paid in conformity with the previous arrangement which had been made all that was due, this claim should not be paid to the Peoria & Pekin Union Railway Company.